IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GRACE ESIMAI | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:23-cv-00899 |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS, ARLINGTON, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGNAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Grace Esimai ("Esimai" or "Plaintiff") hereby presents this, her Original Complaint against Defendant, University of Texas at Arlington ("UTA" or "Defendant") and for causes of action respectfully shows the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff would show the Court that Defendant wrongfully discriminated and retaliated against Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, et seq, ("the ADA") and under the Texas Commission on Human Rights Act, Tex. Lab. Code Section 21.001 et. seq. (the "TCHRA").

## II.
## PARTIES

2. During all times mentioned in this Complaint, Plaintiff, Grace Esimai was and is a resident of Texas, residing at 810 Bigfork Drive, Arlington, TX. 76001, Plaintiff may be contacted through her attorney of record, Nicholas A. O'Kelly, Tremain Artaza, PLLC, 4925 Greenville Avenue, Suite 200, Dallas TX 75206.

3. Defendant, UTA is a national University with offices located at 701 S. West Street, Suite 535, Arlington TX 760019-0437 and may be served through the Attorney General's Office for the State of Texas located at 300 W. 15th Street, Austin, TX 78701.

## III.
## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, et seq.

5. This Court has pendent jurisdiction over Plaintiff's state law claims.

6. Plaintiff timely filed her EEOC charge on September 27, 2022 and is filing this action within 90 days of her receipt of the Notice of Right To Sue which was issued on June 2, 2023.

7. Venue for all causes of action stated herein lies in the Northern District of Texas, Fort Worth Division, because the acts alleged in this complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.

8. Plaintiff is a qualified individual and was at all times relevant hereto, an employee within the meaning under the ADA and Chapter 21 of the Texas Labor Code.

9. During all relevant times herein, UTA was a covered entity within the meaning of the ADA and Chapter 21 of the Texas Labor Code.

10. UTA as a covered entity within the meaning of the ADA and Chapter 21 of the Texas Labor Code. TCHRA.

## IV.
## FACTUAL ALLEGATIONS

11. Plaintiff began teaching at UTA in 1998 and was effectively terminated on June 30, 2022. Throughout her employment, Plaintiff met or exceeded the Defendant's expectations, as evidenced by favorable feedback and UTA's consistent renewal of her teaching contract for each year since 1998.

12. The language in each renewal letter makes no mention of any requirement to be physically present to teach class.

13. Plaintiff suffers from Arthritis and a heart condition which affects one or more of her essential life functions, such as walking, standing for lengthy periods, and breathing.

14. In 2021, Plaintiff requested an accommodation that would allow her to teach her classes remotely for the 2021-2022 academic year. Defendant granted this request without issue. Plaintiff successfully performed the essential functions of her position with this accommodation.

15. On May 26, 2022, the 2021-2022 academic year was concluded.

16. Plaintiff's supervisor, Dr. Radha Mahapatra ("Mahapatra") assured Plaintiff that her teaching contract would be renewed for the 2022-2023 academic year.

17. On June 3, 2022, Plaintiff informed Mahapatra that she would require the same accommodation of teaching classes remotely for the 2022-2023 academic year.

18. On June 3, 2022 Plaintiff discussed her requested accommodation with Defendant's

HR department. HR sent the ADA accommodation request forms to the plaintiff with instructions that they be filled out and returned to HR.

19. On June 6, 2022 Mahapatra informed Plaintiff via email that he would grant Plaintiff's requested accommodation of allowing her to teach classes remotely subject to HR's approval.

20. On June 7, 2022 at approximately 10:26am, Jennifer Hill ("Hill"), the administrative assistant to Mahapatra, emailed Plaintiff her 2022-2023 contract for Plaintiff's signature.

21. At approximately 1:50 pm that same day, Plaintiff tried to download the proposed contract, but could not do so, because the contract had been withdrawn.

22. Plaintiff immediately contacted Hill to report that her contract was unavailable for review, Hill informed Plaintiff that she had withdrawn the contract, but would resend it to her.

23. On June 9, 2022, Plaintiff again expressed to Mahapatra her concern over the withdrawal of the contract and reiterated that she needed this accommodation in order to perform her job.

24. By June 16, 2022, Plaintiff and her physician completed and submitted her ADA accommodation request forms to Defendant's HR department.

25. On June 21, 2022, Mahapatra sent Plaintiff a non-renewal of contract letter and stated that Plaintiff's employment would be terminated effective June 30, 2022.

26. On June 23, 2022, HR informed Plaintiff that it could not process Plaintiff's accommodation request because Mahapatra had informed HR that Plaintiff had no valid contract.

27. Plaintiff informed HR that she had received a valid contract, but it had been

withdrawn after Plaintiff informed Mahapatra that she required the same accommodation that she had received in the previous academic year.

28.  On June 30, 2022, Defendant's HR department told Plaintiff that it was continuing to investigate the issue and to ignore the non-renewal notice.

29.  Between June 30, 2022 and August 8, 2022, Defendant contacted Plaintiff's physician and suggested ways in which Plaintiff's condition could be accommodated so that she could still teach classes in person. It was during this time that Defendant suggested that Plaintiff could take a bathroom break in between classes. Plaintiff pointed out that this would not be practical if, as would most likely be the case, the bathroom was already occupied during the short time between classes.

30.  Plaintiff has never before been told that her physical attendance was an essential requirement for her position. The only job description that Plaintiff has ever received for this position makes no mention of this requirement.  Plaintiff's physician was at a loss as to what would be a  reasonable alternative to plaintiff's requested accommodation that would not be a risk to her health.

31.  Mahapatra was ready to move the classes online on June 6 but as the Provost put it he remembered that Plaintiff was on a renewable contract and decided to block HR from processing her ADA medical accommodation by withdrawing the contract and issuing a non-renewal letter.

32.  As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has lost her job and suffered significant financial and emotional distress.  Plaintiff has also had to retain the services of an attorney to pursue her legal remedies for this discriminatory treatment.

# CAUSES OF ACTION
## AS TO THE FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE AND THE ADA

33. The foregoing paragraphs of this Petition are incorporated in this Count by reference as if set forth at length herein.

34. Plaintiff has a covered disability under the ADA. Defendant is a covered employer under the same Act. Defendant has waived any sovereign immunity under Title VII and may be sued in federal court if this matter is not resolved. Plaintiff was unfairly terminated due to her disability and in relation for filing a grievance with the Defendant,

35. Plaintiff filed a timely charge of discrimination with the EEOC and Texas Workforce Commission on or about September 23, 2022. After filing charge, Plaintiff waited 180 days and requested a Notice of Right to Sue from the EEOC. The EEOC issued Plaintiff a Notice of Right to Sue on or about June 2, 2023. Plaintiff filed the instant lawsuit within 90 days of receipt thereof.

36. Plaintiff was and is a qualified individual for the job she was terminated from. With reasonable accommodation to attend and teach classes remotely, Plaintiff can perform the essential functions of her job without any undue hardship to the Defendant.

37. Defendant took an adverse employment action against Plaintiff on account of her disability. Specifically, Defendant failed to accommodate Plaintiff's actual disability by denying her continued employment with reasonable accommodations to attend and teach classes remotely. In doing so Defendant violated the ADA and Texas Human Rights Act, Texas Labor Code §21.001 et seq, by discharging and discriminating against Plaintiff because of her disability after she requested a reasonable accommodation.

38. Defendant violated the ADA and the TCHRA by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's record of actual or perceived disability.

39. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages, pecuniary losses, emotional pain and suffering, inconvenience, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

40. Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## V.
## AS TO THE SECOND CAUSE OF ACTION
## UNLAWFUL RETALIATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE AND THE ADA

41. The foregoing paragraphs are incorporated herein as though fully set forth.

42. Defendant terminated Plaintiff's employment contract in retaliation for her protected activity of pursuing her claim for reasonable accommodations.

43. Defendant's stated reason for the non-renewal of Plaintiff's contract is a pretext for disability discrimination and retaliation.

44. Defendant's refusal to renew Plaintiff's teaching contract was in retaliation for Plaintiff's grievances which constitute protected activity under the ADA and Chapter 21 of the Texas Labor Code in the termination of Plaintiff and violated the ADA and the TCHRA by

retaliating and discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's record of actual or perceived disability.

45. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages, pecuniary losses, emotional pain and suffering, inconvenience, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

46. Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## JURY DEMAND
### PLAINTIFF DEMANDS A TRIAL BY JURY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3) Exemplary damages in an amount to be determined by the trier of fact;

(4) An award of liquidated and/or statutory damages in an amount equal to all lost

wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) Attorney's fees;

(8) Expert's fees;

(9) All costs of court; and

(10) Such other and further relief to which Plaintiff may be justly entitled.

Dated: August 30, 2023

Respectfully Submitted,

TREMAIN ARTAZA, PLLC

By:   */s/ Nicholas A. O'Kelly*
NICHOLAS A. O'KELLY
State Bar No. 15241235
nick@tremainartaza.com
4925 Greenville Avenue, Suite 200
Dallas, Texas 75206
(469) 573-0336- Telephone

ATTORNEY FOR PLAINTIFF
GRACE ESIMAI