UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GRACE ESIMAI,**

   Plaintiff,

v.                                                     No. 4:23-cv-00899-P

**UNIVERSITY OF TEXAS ARLINGTON,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 10. Due to Defendant's sovereign immunity Plaintiff's claims, the Court **GRANTS** the Motion. Plaintiff's claims against Defendant are therefore **DISMISSED without prejudice**.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Grace Esimai began teaching in a non-tenured position at the University of Texas at Arlington ("UTA") in 1998. She held this position until she was terminated in June 2022.

In 2021, due to arthritis and a heart condition that affected her life functions, Esimai requested accommodations that would allow her to teach her classes remotely for the 2021–2022 academic year. UTA granted this request. Upon the close of the 2021–2022 school year, Esimai informed her supervisor that she would need the same accommodation for the 2022–2023 academic year. In June 2022, Esimai submitted her ADA accommodation form and later received a non-renewal of contract letter and was informed her employment would be terminated at the conclusion of June 2022.

On August 30, 2023, Esimai sued in this Court alleging discrimination and retaliation on the basis of her disability. She then filed an amended complaint on October 26, 2023, alleging discrimination

and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA").

UTA filed the instant Motion to Dismiss on November 8, 2023, arguing Esimai's claims are barred by sovereign immunity and should be dismissed pursuant to Federal Rule of Civil Procedure (12)(b)(1). Esimai did not file a response to UTA's Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. A claim must be dismissed for lack of subject-matter jurisdiction when the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir. 2012). "[P]laintiff bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Lack of subject-matter jurisdiction may only be found by considering: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dep't of Veteran Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). Therefore, "[i]n considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy that it has the power to hear the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (internal quotations omitted). Any action barred by sovereign immunity must be dismissed for lack of subject matter jurisdiction. *See United States v. Mitchell*, 445 U.S. 535, 537–38 (1980); *see also United States v. U.S. Fid. Co.*, 309 U.S. 506, 512 (1940).

## ANALYSIS

### A. Sovereign Immunity

A Rule 12(b)(1) motion "must be considered before other challenges since the court must first determine whether it has jurisdiction." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (cleaned up). Since any action barred by sovereign immunity must be dismissed for lack of subject-matter jurisdiction, the Court needs to first address sovereign immunity. *See U.S. Fid. Co.*, 309 U.S. at 512.

Sovereign immunity is the privilege of the sovereign to not be sued without its consent. *See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011). Generally, a federal court cannot hear a case brought against a nonconsenting State due to their sovereignty. *See Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020). But, there are limits to sovereign immunity. In particular, there are two conditions that allow federal courts to hear a suit against an otherwise sovereign, non-consenting State: (1) Congress enacted unequivocal statutory language abrogating the State's immunity from the suit; and (2) a constitutional provision must have allowed Congress to encroach on the State's sovereignty. *Id* at 1000–01. Accordingly, absent a waiver by the State or the above situation, federal courts "may not entertain a private person's suit against a State." *Stewart*, 563 U.S. at 254.

    1. <u>UTA is an arm of the state and thus has sovereign immunity.</u>

The Eleventh Amendment furthers the coverage of sovereign immunity to "certain actions against state agents and state instrumentalities." *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). The Fifth Circuit applies a six-factor test to determine whether a party qualifies as an arm of the state for the purposes of sovereign immunity, called the *Clark* factors. The factors are as follows:

> (1) Whether the state statutes and case law view the agency as an arm of the state; (2) The source of the entity's funding; (3) The entity's degree of local autonomy; (4) Whether the entity is concerned primarily with local[,] as opposed to statewide, problems; (5) Whether the entity has the authority to sue and be sued in its own name; and (6) Whether the entity has the right to hold and use property.

*See Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999) (citing *Clark v. Tarrant Cnty*, 798 F.2d 736 at 744–745 (5th Cir. 1986). The Fifth Circuit has consistently held that state universities are arms of the state and enjoy sovereign immunity. *See United States Oil Recovery Site Potentially Responsible Parties Grp v. R.R. Comm'n of Tex.,* 898 F.3d 497, 501–502 (5th Cir. 2018) (collecting cases). Given UTA is a state university, they garner the same sovereign immunity entitlements that the State of Texas receives.

3

2. <u>Esimai's TCHRA discrimination and relation claims are barred by sovereign immunity.</u>

Esimai brings discrimination and retaliation claims under the TCHRA. *See* ECF No. 9 at 6–8. She also asks for an order by the Court that would reinstate her as an employee at UTA, or, in the alternative, award her future pay. *Id.* at 8. However, as UTA points out in their Motion to Dismiss, the State of Texas only waives sovereign immunity for TCHRA violations brought in state court. *See* ECF No. 10 at 3; *see also Hernandez v. Tex. Dept. of Hum. Serv.*, 91 Fed. App'x. 934, 935 (5th Cir. 2004). This waiver in state court does not serve as a waiver under the Eleventh Amendment. *Hernandez*, 91 Fed. App'x. at 935. Accordingly, TCHRA claims cannot be brought in federal courts against States or State agents or instrumentalities. *Id.*; *see also King v. Tex. A&M Eng'g Extension Serv.,* 2022 WL 2328853 at *5 (E.D. Tex. June 28, 2022). Esimai's claims against UTA are thus barred by sovereign immunity.

## CONCLUSION

Because UTA has sovereign immunity against Plaintiff's TCHRA claims, this Court has no subject matter jurisdiction to hear these claims. Accordingly, UTA's Motion to Dismiss (ECF No. 10) is hereby **GRANTED** and Esimai's claims are **DISMISSED without prejudice.**

**SO ORDERED** on this **13th day of December 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4